UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

TONY G. GONZALEZ,
    Plaintiff,

v.

KEVIN AUCOIN, Acting Director of
DCYF; BRIAN LECLAIR, Public
Defender; PAUL RIOLES, Attorney;
and CHRISTIE WILSON, Family
Therapist,
    Defendant.

C.A. No. 19-402-JJM-LDA

ORDER

This case arises from a Rhode Island Family Court ruling, affirmed by the Rhode Island Supreme Court, terminating Plaintiff Tony G. Gonzalez's parental rights to his minor daughter, after a state court jury convicted him of first degree murder.[1] Mr. Gonzalez filed a complaint alleging that various state Defendants acted unethically in managing his termination of rights case. ECF No. 1. After conducting a review under 28 U.S.C. § 1915(e)(2), the Court dismissed his claims because they were barred by the statute of limitations. ECF No. 3.

---

[1] Relying in part of this conviction, the Rhode Island Family Court terminated Mr. Gonzalez's parental rights to his minor daughter. Mr. Gonzalez appealed his conviction, resulting in the Rhode Island Supreme Court overturning and remanding his murder case for a new trial. *State v. Gonzalez*, 136 A.3d 1131 (R.I. 2016). The Rhode Island Supreme Court also remanded the appeal of his termination rights for a new hearing in light of the overturned murder conviction. *In re Izabella G.*, 140 A.3d 146 (R.I. 2016). Without considering the murder charge, the Rhode Island Family Court again terminated his parental rights and the Rhode Island Supreme Court upheld the termination. *In re Izabella G.*, 196 A.3d 736 (R.I. 2018). Mr. Gonzalez was again convicted of murder and other charges after his retrial.

Mr. Gonzalez filed an Amended Complaint, alleging that his constitutional rights were violated when the Defendants "abused the use of the Rhode Island Judicial system" when it terminated his parental rights. ECF No. 9 at 9. He seeks an order "affirming that his constitutional rights . . . had been violated." *Id.* Defendants Kevin Aucoin and Brian LeClair[2] ("Defendants") move to dismiss the Amended Complaint based on several potentially dispositive grounds such as an expired statute of limitations, the *Rooker-Feldman* doctrine, collateral estoppel, and failure to state a claim. ECF No. 19. In this case, *Rooker-Feldman* forecloses Mr. Gonzalez's suit against Mr. Aucoin and Mr. LeClair.[3]

Mr. Gonzalez asks this Court to review and overturn the Rhode Island Supreme Court's decision affirming the termination of his parental rights. The *Rooker-Feldman* doctrine states that "a federal district court should not review issues already determined by a state court." *Pascoag Reservoir & Dam, LLC v. Rhode Island*, 217 F. Supp. 2d 206, 214 (D.R.I. 2002); *see Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Wilson v. Shumway*, 264 F.3d 120, 123–26 (1st Cir. 2001). If this Court were to decide that Mr. Gonzalez's rights were violated, it would require the Court finding that the Rhode Island Supreme Court decision was wrong, and the case law is clear that the *Rooker-Feldman* doctrine deprives this Court of the subject-matter jurisdiction to do so.

---

[2] Mr. Aucoin is the Acting Director of the Department of Youth, Children, and Families and Mr. LeClair was Mr. Gonzalez's attorney during the first termination of parental rights case.

[3] Because the two remaining Defendants Paul Rioles and Christie Wilson have not been served, the Court dismisses all claims against them for lack of prosecution.

The Court GRANTS Defendants' Motion to Dismiss. ECF No. 19.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

July 20, 2020